# In the United States Court of Federal Claims

No. 19-1060C
(Originally Filed: November 18, 2019)
(Re-issued: November 26, 2019)[1]

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ARKHAM TECHNOLOGY LTD., | Bid protest; Rule 59(e); Motion to alter or amend judgment; Declaratory relief; Bid preparation costs; Relief sought after judgment; Case or controversy requirement; Vain act. |
| *Plaintiff*, | |
| v. | |
| THE UNITED STATES, | |
| *Defendant*. | |

* * * * * * * * * * * * * * * * * * * *

*Aaron P. Silberman*, San Francisco, CA, with whom were *Stephen L. Bacon* and *Eleanor Ross*, for plaintiff.

*Steven M. Mager*, Senior Trial Counsel, United States Department of Justice, Commercial Litigation Branch, Washington, DC, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Douglas K. Mickle*, Assistant Director, for defendant. *Lawrence M. Anderson* and *Bruce A. Hinchey*, Department of the Air Force, of counsel.

ORDER

BRUGGINK, *Judge*.

Plaintiff filed its complaint on July 23, 2019, challenging the Air Force's award of a contract for the development of a cryptography device to a Federally Funded Research and Development Center ("FFRDC") rather than opening competition to private industry, including plaintiff. Plaintiff

---

[1] Due to the protective order in this case, this order was originally held to allow the parties to propose redactions of protected material. The parties agreed that no redactions were necessary. The order thus appears as in the original.

alleged a violation of several statutes and Federal Acquisition Regulation provisions. A preliminary injunction was unnecessary because the Air Force agreed not to move forward with the work until after October 7, 2019. We thus set a schedule to conclude with oral argument on October 4, 2019. Despite motion practice concerning supplementation of the record, that schedule was kept, and argument was held on October 4. At the conclusion of oral argument, the court announced that it would not grant plaintiff relief because the harm to the United States caused by delay inherent in any relief ordered by the court was too grave and because the public interest in preventing any such harm was overwhelming.[2] We noted further that even the risk of that harm occurring would prevent an injunction.[3] Because it was unnecessary to do so, we did not reach the issue of whether plaintiff would have succeeded on any of its arguments on the merits.

Due to the classified nature of much of the material discussed and the harms alleged by the government, we announced our intent during oral argument to enter judgment without the issuance of a written opinion. We asked the parties if they objected, and neither did. We thus issued an order denying plaintiff's motion for judgment on the administrative record and granting defendant's cross-motion shortly after oral argument. The Clerk of Court entered judgment that same day. *See* ECF Nos. 44 & 45.

Four days later, on October 8, 2019, plaintiff moved to alter or amend judgment under rule 59(e), asking the court to reopen the judgment and to reach its merits arguments as a request for declaratory relief. We set a briefing schedule for that motion, and it is now fully briefed. Oral argument is unnecessary.

In its motion, plaintiff avers that it was surprised that judgment was entered without the court reaching the merits of its legal arguments. It explains that its lack of objection at the conclusion of oral argument indicated only an assent to an interim bench ruling on the appropriateness of injunctive relief and that it believed that "entry of final judgment would be deferred

---

[2] Because much of the record was classified, any transcript of the argument would also be classified and thus unavailable for citation.

[3] Given the critical issue of time, we held a status conference a week prior to oral argument to inform the parties that the court was unwilling to issue an injunction given the harm to the government, and we asked the plaintiff whether it wanted to proceed with oral argument. It elected to do so. The transcript of that hearing is also classified and unavailable.

pending the issuance of a final written opinion as to all of the claims that Arkham has raised in this bid protest." Pl.'s Mot. To Alter or Amend J. 2. It points out that its complaint not only asked for injunctive relief but also for declaratory relief. It argues that, were it to prevail on any of its declaratory requests, it would be entitled to bid and proposal costs and possibly attorney fees under the Equal Access to Justice Act ("EAJA") as a small business. *See* 28 U.S.C. § 2412 (2012). It further urges that the procurement community would benefit from an opinion on the merits given the statutory issues implicated.

Defendant responds that there can be no further relief available to plaintiff because declaratory relief in these circumstances, divorced from an injunction, would be an academic exercise not tied to an active case or controversy. Likewise, plaintiff did not request bid preparation costs nor would any be available, argues defendant, because no solicitation was issued or responded to in this case. Indeed, the Request For Information ("RFI") preceding the award specifically warned industry respondents that no costs would be reimbursed. EAJA fees, according to the government, are also unavailable because plaintiff cannot be the prevailing party in a case in which it has not obtained meaningful judicial relief, and that the matter cannot be reopened merely to declare whether plaintiff was correct on the underlying legal arguments. For all of these reasons, no manifest injustice would be avoided by altering the judgment, says defendant.

Plaintiff argues that the court "routinely holds further proceedings on plaintiff's entitlement to bid preparation and proposal costs and EAJA fees after the Court decides the parties' motions for judgment on the administrative record and plaintiff's entitlement to injunctive relief." Pl.'s Reply 2. Plaintiff cites seven instances in which these proceedings have taken place after the court has denied injunctive relief, several for national security reasons, as here. *E.g.*, *Def. Tech., Inc. v. United States*, 99 Fed. Cl. 103, 132 (2011); *Gentex Corp. v. United States*, 58 Fed. Cl. 634, 656 (2003). Plaintiff further argues that bid preparation costs are sometimes available in instances in which a solicitation is not ultimately issued and therefore the issue ought to be considered by the court. Thus, in plaintiff's view, the court should reopen the case, decide plaintiff's request for declaratory relief and bid preparation costs and, if granted, decide the appropriateness of an award of attorney fees under EAJA.

We disagree. As defendant argues, there is no further relief available to plaintiff because, in these circumstances, declaratory relief would be illusory, or as defendant put it, "academic," and because bid preparation costs

3

are not available. A motion under Rule 59(e) is considered under the same standards as one for reconsideration under the other subsections of Rule 59. *See Stockton E. Water Dist. v. United States*, 76 Fed. Cl. 470, 472 (2007). The court will not disturb its judgment unless the moving party shows an intervening change in the law, new evidence not previously available, or that a manifest injustice will result absent altering the judgment. *Johnson v. Untied States*, 126 Fed. Cl. 558, 560 (2016). A Rule 59 motion is not an opportunity to relitigate claims or to raise new arguments that should have been made earlier. *IAP Worldwide Servs., Inc. v. United States*, 141 Fed. Cl. 788, 801 (2019).

Although asked for in its complaint, bid preparation costs were not raised by plaintiff in its motion for judgment on the administrative record. Thus, defendant did not brief the issue of their availability, and the issue was not joined prior to oral argument. Nor do the cases cited by plaintiff support the notion that the issue of entitlement to bid costs is handled routinely after the merits. In six of the seven cases cited by plaintiff, only the issue of quantum of costs survived after the court's decision on the merits and entitlement to injunctive relief.[4] In *Furniture By Thurston v. United States*, for example, the court found that the Marine Corps had awarded the contract contrary to the solicitation but found an injunction unavailable due to the balance of harms and the public interest. 130 Fed. Cl. 505, 521-22 (2012). Because plaintiff had shown illegality in the procurement, however, the court awarded bid preparation costs and directed plaintiff to prepare a summary of its costs and the defendant to respond subsequently. *Id.* at 522.

The same is true of the rest of the cases cited by plaintiff. *See Defense Tech., Inc.*, 99 Fed. Cl. at 132 (granting plaintiff's request for bid costs, denying injunctive relief, and ordering the parties to consult regarding the quantum of costs); *Ereh Phase I LLC v. United States*, 95 Fed. Cl. 108, 124, n.14 (2010) (Denying plaintiff's motion for judgment, but finding an entitlement to bid preparation costs because plaintiff was correct on the

---

[4] The lone exception is *Naplesyacht.com, Inc. v. United States*, in which Judge Braden, relying on the request in the complaint, allowed the plaintiff to move for bid costs after ruling on the motions for judgment on the administrative record. 60 Fed. Cl. 459, 478 (2004). It is unclear why the court required plaintiff to separately move for bid preparation costs given that the court, although not awarding injunctive relief, found an error in the procurement process. Like the other cases cited, however, the procurement did involve a solicitation and bidding process, unlike here.

merits, and construing plaintiff's request for relief in its motion as including bid preparation costs); *Afghan Am. Army Servs. Corp. v. United States*, 90 Fed. Cl. 341, 369 (2009) (although not enjoining the government, deferring judgment pending the parties' agreement on bid preparation costs); *CSE Constr. Co., Inc. v. United States*, 58 Fed. Cl. 230, 236 (2003) (awarding bid preparation costs despite not finding an injunction appropriate and requiring the parties to file a stipulation as to bid costs); *Gentex*, 58 Fed. Cl. at 656 (finding the procurement too critical to delay, but awarding bid preparation costs, which had been raised earlier by plaintiff in affidavits). Each of these cited cases involved a solicitation and bidding process, unlike here. Entitlement to bid costs, unlike here, was thus attendant to the protestor's merits challenge. Here, where the agency did not pursue a competition, no bids were solicited, and RFI responders were warned that no solicitation was promised nor would any compensation be forthcoming for costs associated with responding to the RFI, entitlement to those costs as bid preparation costs is an issue separate from the legality of the Air Force's decision to procure the work from an FFRDC.[5]

A post-judgment motion is not the procedurally appropriate time to make a request for new relief. In the bid protest context, the protestor must present all of its claims and bases for that relief in its motion on the administrative record. *See Voith Hydro, Inc. v. United States*, 142 Fed. Cl. 233, 237 n.6, 238 n.7 (2019) ("When a party litigates a bid protest under an expedited schedule, it cannot fail to argue the merits of its motion in its opening brief"). Piecemeal litigation is disfavored and especially so in the bid protest context where time is of the essence.

With relief at law unavailable—because it was not sought prior to judgment—and plaintiff's claim for equitable relief already disposed of, the court may not make a declaration of the parties' legal rights in the abstract. It would be a vain act and run afoul of the Constitution's requirement that court's not act in the absence of an actual case or controversy. *See Brookfield Relocation Inc. v. United States*, 113 Fed. Cl. 74, 78 (2013). There is no active case or controversy "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Plaintiff does not have a legally cognizable interest in the

---

[5] Although not reaching the issue, we note that we would be unlikely to find that bid preparation costs are available for the reasons listed above. We were thus unsurprised to see the issue omitted from plaintiff's motion papers.

outcome because no relief is available that would alter the relationship between the parties. The court has not, and will not, award a payment of money or order a change in defendant's decision to contract with the FFRDC.[6] Thus, there is no injustice to be prevented by leaving the judgment in place. Plaintiff's motion to alter the judgment is denied.

                                                        s/Eric G. Bruggink
                                                        ERIC G. BRUGGINK
                                                        Senior Judge

---

[6] Because there is no longer any relief available to plaintiff, EAJA fees will not provide a basis for reopening the action either. Plaintiff cannot be, in any sense of the phrase, a prevailing party, as required for a fee award under the act, when the legal relationship between the parties will not be changed. *See Dellew Corp. v. United States*, 855 F.3d 1375, 1379-80 (Fed. Cir. 2017).